UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
ALICE MARIE BRUCE,

    Debtor.
_____/

ALICE MARIE BRUCE,

    Appellant,

v.

U.S. BANK NATIONAL
ASSOCIATION,

    Appellee.
_____/

Case No. 8:22-cv-2201-TPB
Bankr. No. 8:21-bk-6275-MGW

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER PARTIALLY LIFTING AUTOMATIC STAY

This matter is before the Court on Appellant Alice Marie Bruce's *pro se* appeal of the bankruptcy court's order partially lifting the automatic stay. (Docs. 1; 4-152; 4-163). The appeal is fully briefed. (Docs. 17; 28; 30). After reviewing the parties' briefs, the court file, and the record, the court finds as follows:

## Background

Appellee commenced a foreclosure suit against Appellant in state court. (Doc. 28-1, App. at 101). While the foreclosure suit was pending, Appellant filed a petition for Chapter 13 bankruptcy. (Docs. 4-5; 28-1, App. at 101). Appellant also filed an adversary proceeding, which Appellee moved to dismiss. (Doc. 4-190).

The bankruptcy court held a hearing on Appellee's motion to dismiss the adversary proceeding. (Doc. 4-193). At the hearing, the court granted Appellee's motion to dismiss because Appellant had raised no arguments other than defenses to the state court foreclosure suit, which properly belonged in that state court proceeding. (Docs. 4-202; 28-1, App. at 103-107). The court also *sua sponte* partially lifted the automatic stay in the main bankruptcy case to allow the state foreclosure case to proceed and to allow Appellant to raise any defenses in state court while simultaneously pursuing bankruptcy if needed. (Docs. 4-152; 28-1, App. at 103-07, 106). Appellant filed a motion for reconsideration. (Docs. 4-157; 158). Appellant's only argument was that she had filed a new adversary proceeding. (Doc. 4-157). The bankruptcy court held a hearing on the motion at which it considered and denied the motion. (Doc. 28-1, App. at 94-96).[1]

Appellant appealed the bankruptcy court's partial lifting of the automatic stay. (Doc. 4-1). Other proceedings continued in the bankruptcy court until it dismissed the entire case in February 2023. (Doc. 28-1, App. at 92). Appellant has appealed that dismissal. (Doc. 28-1, App. at 97).[2]

---

[1] Although Appellant's notice of appeal designated only the order denying her motion for reconsideration, the notice attached a copy of the bankruptcy court's initial order lifting the stay. (Doc. 1). The Court reads filings by *pro se* litigants liberally" and will consider her arguments as if she had also appealed from the original order lifting the stay. *See In re Myers*, No. 2:22-cv-478-JES, 2023 WL 5720739 at *3 (M.D. Fla. Sept. 5, 2023).

[2] Normally, the "dismissal of a Chapter 13 bankruptcy case moots any appeals arising from the debtor's bankruptcy proceedings." *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015). However, because Appellant also appealed the dismissal of the underlying case, this Court has jurisdiction over this appeal. *Cf. Pajarillo v. U.S. Bank Nat'l Ass'n*, No. 2:19-cv-01020-GMN-NJK, 2020 WL 13535365 at *2 (D. Nev. Apr. 24, 2020) (appeals court no longer had jurisdiction over appeal from order lifting automatic stay where bankruptcy court

## Standard of Review

The district court functions as an appellate court when reviewing final judgments and certain interlocutory orders and decrees of the bankruptcy court. *See In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994); 28 U.S.C. § 158(a). "Legal conclusions of the bankruptcy court are reviewed *de novo*, and findings of fact are reviewed for clear error." *Bunyan v. Remick*, 8:18-cv-1519-T-36, 2019 WL 4805428, at *2 (M.D. Fla. Oct. 1, 2019) (citing *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009)); *see also In re Piazza*, 719 F.3d 1253, 1260 (11th Cir. 2013).

## Analysis

On appeal, Appellant argues that the bankruptcy court violated her due process rights by lifting the automatic stay when neither party requested it. (Doc. 17 at 5-9). She also argues that the bankruptcy court cited no authority for lifting the stay. (Doc 17 at 9-11).

11 U.S.C. § 105(a) allows a bankruptcy court to terminate a stay *sua sponte*. *In re Baumann*, 670 F. App'x 681, 681-82 (11th Cir. 2016). Contrary to Appellant's assertions, the record demonstrates that the court did provide a reason for its decision to partially lift the stay: Appellant attempted to assert in her adversary proceeding in bankruptcy court state law defenses to the foreclosure action. The bankruptcy court abstained from hearing the proceeding because state law issues predominated and there was an alternate forum in the state foreclosure court. *See*

---

dismissed the underlying bankruptcy case and appellant did not appeal the dismissal order).

*In re United Container LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2022) (holding that in determining whether to abstain from a proceeding, a bankruptcy court considers "the extent to which state law issues predominate over bankruptcy issues"). The bankruptcy court partially lifted the stay to give Appellant the opportunity to raise those defenses in state court. (Doc. 28-1, App. at 103-107).

Appellant argues also that the court erred in terminating the automatic stay without first providing "notice and a hearing" pursuant to 11 U.S.C. § 352(d). (Doc. 17 at 7-9). However, 11 U.S.C. § 362(d) only requires such "notice and a hearing" when "a party in interest" requests relief from the automatic stay. Here, the court clearly stated both at the hearing and in its written order that it was lifting the stay as to the foreclosure action "on its own." (Docs. 4-152; 28-1, App. at 106). Additionally, Appellant herself raised the issue of the state foreclosure action by filing her adversary proceeding. After Appellant filed her motion for reconsideration, the bankruptcy court held a hearing on this issue at which it reconsidered her arguments and rejected them. (Docs. 4-157; 4-158; 28-1, App. at 120-21). Therefore, Appellant did receive notice and a hearing on this issue.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The bankruptcy court's "Order Granting Relief from Stay as to Final Judgment of Foreclosure" and "Order Denying Motion for Reconsideration" (Docs. 1; 4-152; 4-163) are **AFFIRMED**.

2. The Clerk is directed to transmit a copy of this Order to the bankruptcy court, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of September, 2023.

                         **TOM BARBER**
                         **UNITED STATES DISTRICT JUDGE**